# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DZMITRY RAHOUSKI and**
**ALENA MELNIKAVA,**

    **Plaintiff,**

vs.                                                          Case No.

**AMAZON.COM SERVICES, LLC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DZMITRY RAHOUSKI and ALENA MELNIKAVA, (hereinafter "RAHOUSKI," "MELNIKAVA," or "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint and Demand for Jury Trial against defendant, AMAZON.COM SERVICES, LLC. (hereinafter "AMAZON" or "Defendant") and state the following:

## JURISDICTION AND VENUE

1.    This is a civil action by Plaintiffs against their former employer for monetary damages, declaratory relief, and other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*. and the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., as amended ("FMLA") for

discrimination based on disability or perceived disability and retaliation for engaging in a protected activity under the FMLA.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Pursuant to 28 USC § 1367, this Court has supplemental jurisdiction over the claims brought by Plaintiffs under the Florida Civil Rights Act.

4. This Court has personal jurisdiction over Defendant, AMAZON.COM SERVICES, LLC., because defendant's ties to the Middle District are so continuous and systematic as to act as a proxy for presence.

5. The United States District Court for the Middle District of Florida embraces the location in which the allegations occurred.

## PARTIES

6. Plaintiffs, DZMITRY RAHOUSKI and ALENA MELNIKAVA, reside in Pinellas County, Florida.

7. The Defendant is AMAZON.COM SERVICES, LLC., a Foreign Limited Liability Company principally located at 410 Terry Avenue North, Seattle, Washington 98109.

8. Defendant, AMAZON.COM SERVICES, LLC., offers new and used items for sale through the Internet to a diverse customer base throughout Florida and the United States.

9. Defendant, AMAZON.COM SERVICES, LLC., is a covered employer under the Family Medical leave Act, and the Florida Civil Rights Act.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiffs have satisfied all administrative prerequisites necessary to bring this action.

## GENERAL ALLEGATIONS

11. On July 2, 2017, Amazon hired Plaintiffs as sorting associates in their St. Petersburg warehouse facility, DTP2.

12. During their employment, Plaintiffs continually worked on a full-time basis averaging close to forty (40) work hours per week.

13. Plaintiffs performed their jobs well and without incident.

14. On March 21, 2020, Plaintiffs began to feel ill and were concerned that they had contracted Covid-19.

15. Plaintiffs attempted to contact their physician at Clearwater Free Clinic. Unfortunately, the Clearwater Free Clinic was shut down from March 2020 to July 2020 due to the pandemic. Therefore, Plaintiffs had to use Clearwater Free Clinic's telemedicine services.

16. Darlene A. Hiatt, ARNP treated plaintiffs for their Covid-19 symptoms. Ms. Hiatt recommended that Plaintiffs follow the CDC guidelines and quarantine for two weeks then follow up with her after the quarantine period.

17. Plaintiffs informed their manager, Todd Johnson, of their quarantine period and need for leave.

18. Prior to this request, Plaintiffs had not used any FMLA leave.

19. On March 23, 2020, Plaintiffs started to receive automated check-in surveys from Amazon on a biweekly basis. Every two weeks, Plaintiffs attended telemedicine visits. Unfortunately, Plaintiffs continued to exhibit Covid-19 related symptoms, and were told to remain under quarantine.

20. Plaintiffs continued to inform Mr. Johnson on their condition. Plaintiffs also contacted Michael Galloway (DTP2's Site Leader), Andrea

Scott (DTP2's HR associate), Sirytha Donnelly (Assistant Manager), David Gandy (Manager), and Feras Feduk (Manager) to keep them informed on the situation. Plaintiffs told them that they wanted to return to work and would do so as soon as they were cleared by the Clearwater Free Clinic.

21.     On May 18, 2020, Plaintiffs received their last check in surveys.

22.     On May 22, 2020, Amazon Human Resources sent Plaintiffs a letter claiming that they voluntarily resigned from their position due to job abandonment. However, Plaintiffs never communicated the desire to resign from their position. Plaintiffs frequently contacted members of management and HR about their condition and desire to return to work once their Covid-19 related symptoms resolved.

23.     Amazon terminated Plaintiffs in the middle of their FMLA leave due to Plaintiffs' continued request for leave to accommodate their Covid related symptoms.

## COUNT I
## FMLA INTERFERENCE

24.     Plaintiffs, DZMITRY RAHOUSKI and ALENA MELNIKAVA, re-allege and incorporate by reference the allegations set forth in paragraphs one (1) through twenty-three (23) as if set forth fully herein.

25. Defendant is a covered employer under FMLA.

26. Plaintiffs worked at least 1,250 hours during the 12 months prior to the start of leave.

27. Plaintiffs worked at a location where fifty or more employees worked for Defendant.

28. Plaintiffs worked for Defendant for longer than twelve months.

29. Plaintiffs were eligible for FMLA leave.

30. On March 21, 2020, Plaintiffs took a medical leave of absence due to COVID-19 related symptoms.

31. Covid-19 is considered a Serious Health Condition. Plaintiffs began treating with a healthcare provider immediately upon experiencing Covid-19 related symptoms and continued to treat with their healthcare provider on a bi-weekly basis.

32. Plaintiffs contacted members of management every two weeks to give them updates on their condition and let them know that they were still suffering from Covid-19 related symptoms.

33. On May 18, 2020, Plaintiffs informed Amazon management that they were not cleared by the Clearwater Free Clinic to return to work and needed and additional two weeks of leave.

34. On May 22, 2020, Amazon Human Resources sent Plaintiffs a letter claiming that they voluntarily resigned from their positions due to job abandonment.

35. An FMLA-eligible employee can take up to 12 weeks of unpaid, job-protected leave in a designated 12-month leave year for specified family and medical reasons, including a serious health condition as defined by the FMLA.

36. Amazon interfered with Plaintiffs continued use of their FMLA Leave.

37. Amazon terminated Plaintiffs' employment after only eight weeks of FMLA leave.

38. As a direct and proximate result of Defendant's acts, Plaintiffs have suffered loss of employment compensation, privileges, and benefits, and have suffered and continue to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to their professional reputation.

39. Plaintiffs have suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

40. Plaintiffs have incurred costs and attorney's fees in pursuit of

this claim.

**WHEREFORE**, Plaintiffs respectfully invokes the remedial powers of this Court provided in violation of the FMLA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Plaintiff;

B. Back pay;

C. Front pay;

D. Compensatory damages against Palm Tree;

E. Prejudgment interest;

F. Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

G. Reasonable attorney's fees and cost incurred in this action as provided in Section 760.11 (5), Florida Statutes; and

H. Any other relief the Court finds appropriate under the law.

## COUNT II
## FMLA RETALIATION

41. Plaintiffs, DZMITRY RAHOUSKI and ALENA MELNIKAVA, re-allege and incorporate by reference the allegations set forth in paragraphs one (1) through twenty-three (23) as if set forth fully herein.

42. On March 21, 2020, Plaintiffs took a statutorily protected medical leave of absence due to COVID-19[1] related symptoms under the FMLA.

43. Plaintiffs contacted members of management every two weeks to give them updates on their condition and let them know that they were still suffering from Covid-19 related symptoms.

44. On May 18, 2020, Plaintiffs informed Amazon management that they were not cleared by the Clearwater Free Clinic to return to work and needed and additional two weeks of leave.

45. On May 22, 2020, Amazon Human Resources sent Plaintiffs a letter claiming that they voluntarily resigned from their positions due to job abandonment.

---

[1] Covid-19 is considered a Serious Health Condition. Plaintiffs began treating with a healthcare provider immediately upon experiencing Covid-19 related symptoms and continued to treat with their healthcare provider on a bi-weekly basis.

46. An FMLA-eligible employee can take up to 12 weeks of unpaid, job-protected leave in a designated 12-month leave year for specified family and medical reasons, including a serious health condition as defined by the FMLA.

47. Amazon retaliated against Plaintiffs for their use of FMLA leave by terminating Plaintiffs' employment after only eight weeks of FMLA leave.

48. As a direct and proximate result of Defendant's acts, Plaintiffs have suffered loss of employment compensation, privileges, and benefits, and have suffered and continue to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to their professional reputation.

49. Plaintiffs have suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

50. Plaintiffs have incurred costs and attorney's fees in pursuit of this claim.

**WHEREFORE**, Plaintiffs respectfully invokes the remedial powers of this Court provided in violation of the FMLA, and prays for a judgment:

    A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Plaintiff;

    B.    Back pay;

    C.    Front pay;

    D.    Compensatory damages against Palm Tree;

    E.    Prejudgment interest;

    F.    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

    G.    Reasonable attorney's fees and cost incurred in this action as provided in Section 760.11 (5), Florida Statutes; and

    H.    Any other relief the Court finds appropriate under the law.

### COUNT III
### DISCRIMINATION BASED ON PERCEIVED DISABILITY
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

51.    Plaintiffs, DZMITRY RAHOUSKI and ALENA MELNIKAVA, re-allege and incorporate by reference the allegations set forth in paragraphs one (1) through twenty-three (23) as if set forth fully herein.

52.    Plaintiffs suffered from Covid-19 related symptoms and were unable to work until they were cleared by the Clearwater Free Clinic.

53.     Plaintiffs were quality employees and had no incidents prior to March 21, 2020.

54.     On March 21, 2020, Plaintiffs began to feel ill and were concerned that they had contracted Covid-19.

55.     Darlene A. Hiatt, ARNP treated plaintiffs for their Covid-19 symptoms. Ms. Hiatt recommended that Plaintiffs follow the CDC guidelines and quarantine for two weeks then follow up with her after the quarantine period.

56.     Plaintiffs ensured that Amazon management and HR were informed about their condition.

57.     Unfortunately, Plaintiffs continued to exhibit Covid-19 related symptoms, and were told to remain under quarantine. As such, Plaintiffs continued to request additional leave as a reasonable accommodation to quarantine.

58.     On May 22, 2020, Amazon Human Resources sent Plaintiffs a letter claiming that they voluntarily resigned from their positions due to job abandonment.

59.     Amazon's refusal to accommodate Plaintiffs extended leave to quarantine because of Covid-19 violates the FCRA.

60. Amazon's decision to terminate Plaintiffs due to their perceived disability violates the FCRA.

61. Amazon violated the FCRA when they terminated Plaintiffs for suffering from COVID-19 symptoms.

62. As a direct and proximate result of Defendant's acts, Plaintiffs have suffered loss of employment compensation, privileges, and benefits, and have suffered and continue to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to their professional reputation.

63. Plaintiffs have suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

64. Plaintiffs have incurred costs and attorney's fees in pursuit of this claim.

**WHEREFORE**, Plaintiffs respectfully invoke the remedial powers of this Court provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Plaintiffs;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

E. Prejudgment interest;

F. Damages for all employment benefits they would have received but for the discriminatory acts and practices of Defendant;

G. Reasonable attorney's fees and cost incurred in this action as provided in Section 760.11 (5), Florida Statutes; and

H. Any other relief the Court finds appropriate under the law.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 21st day of September 2021.

/s/ Jason W. Imler, Esq
**Jason W. Imler**
Florida Bar No. 1004422
**PRINTY & PRINTY, P.A.**
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
jason.imler@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Plaintiffs*